Hannah Rothschild *et al.* v. John Kraft *et al.*
**No. 261.**

Judgment—*on default not conforming to plaintiff's pleading,
defendant entitled to have it modified.* Where a petition to
foreclose a mortgage was filed, which stated that the debt secured
by said mortgage was a first lien upon the real estate therein
described, subject only to a balance due upon a certain other
mortgage held by one K., a party to the suit, and the copy of the
mortgage attached to said petition as the instrument foreclosed
stated that the premises were free and clear of all incumbrances
except one mortgage in favor of K., and the court, without hav-
ing its attention called to the petition or the allegations thereof,
and without being informed as to what they contained, by inad-
vertence and mistake approved a journal entry prepared by
plaintiff's attorney, declaring said mortgage foreclosed a first lien
upon said property and barring the interest of all the defendants
therein; *held*, that it was the duty of the court, upon having its
attention directed to the facts as herein stated, to set aside said
judgment and to so modify the same as to protect the rights of
all parties thereto.

Error from Saline District Court. Hon. R. F. Thomp-
son, Judge. Opinion filed November 15, 1897. *Af-
firmed.*

*W. H. Bishop, Burch & Burch* and *Mohler & Hiller,*
for plaintiffs in error.

*Z. C. Millikin,* for defendant in error Kraft.

Wells, J. This action was brought in the District
Court of Saline County, by the plaintiff in error Roths-
child, against the defendants in error, to foreclose a
mortgage on real estate. The petition alleges that
the plaintiff's mortgage "is a first lien upon said real
estate, subject to the balance due upon one certain
mortgage of two thousand dollars to John Kraft."
The copy of the mortgage attached to plaintiff's peti-
tion stated that the premises were "free and clear of

310 ROTHSCHILD V. KRAFT.

N. Dept. Opinion. Wells, J. 6 Kan. App.

all incumbrances except one mortgage of two thousand dollars in favor of John Kraft.'' The petition also states ''that the interest of each of said defendants is subject to plaintiff's lien thereon.'' The prayer of the petition is that the court find the amount of the principal and interest due on the said mortgage debt to John Kraft, that the plaintiff's mortgage be foreclosed, that the lien interests and claims of said defendants be determined, that the plaintiff be adjudged to have a first lien, etc., and that the defendants be barred from any right, title and interest in said premises. The petition did not ask that the defendants be required to show their interests, if any, and John Kraft did not appear.

On September 4, 1895, judgment was rendered foreclosing said mortgage, declaring it a first lien on said premises, and barring defendants' interest therein. An order of sale was duly issued, the property sold, and a motion to confirm said sale filed on December 16, 1895. On the same day, John Kraft filed a motion to vacate said judgment, and to reform and correct the same so as to order the property sold subject to the Kraft mortgage as a first lien. This was heard and sustained, to which the plaintiff excepted. She brings the case here for review. At the hearing of Kraft's motion, the court made the following statement and caused it to be embodied in the record.

'' This judgment was rendered without appearance of defendant Kraft, and when judgment was taken my attention was not called to the allegations in the plaintiff's petition, and if it had been no such judgment would have been entered in the case. The court passed no judgment on the rights of the parties under the allegations as they stand in the petition. Such allegations were not made known to the court. The court relied upon the statement of the counsel for

plaintiff that the judgment asked by him was warranted by the pleadings, and for that reason the pleadings were not examined by the court, and the journal entry, after being prepared by plaintiff's attorney, was signed by me without examination. The judgment entered in the case did not then and does not now express the judgment of this court upon the rights of the parties under the pleadings in the case, and should be corrected and modified as asked by the defendant Kraft.''

The petition in this case stated plainly, both in the body thereof and in the recitals of the mortgage attached, that the plaintiff's mortgage was second to a first mortgage to John Kraft for two thousand dollars and interest, and, under the well-settled rule that where the allegations of a pleading are inconsistent those made against the interest of the pleader will be taken as true, the petition did not warrant the judgment first rendered. The same being without authority and void, as not within the issues raised by the pleadings, it was the duty of the court to set it aside and render a judgment that was within its authority.

The judgment of the District Court will be affirmed.